Campbell *v.* Burch.

---

JAMES CAMPBELL *v.* PHILEMON BURCH.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

It was shown, in an action to recover possession of personal property, that E., being owner of the property, had given his promissory note to C., and secured its payment by a mortgage thereon, and after the note was over due had procured from C. an assignment to the plaintiff of the mortgage without the note, as security for money thereupon loaned by the latter to E.; that plaintiff re-filed the mortgage, and after the assignment the parties regarded it as security for the plaintiff's loan, and not for C.'s note.—*Held*, the doctrine that a transfer of the incident without the principal is a nullity, was inapplicable.

That the plaintiff proved a *prima facie* title to the property.

That the assignment of the mortgage by the mortgagee, at the request of the mortgagor, was evidence of an agreement between them that the mortgage should no longer continue as a security for the payment of the note.

That the assignment had the effect to transfer C.'s interest as mortgagor in the mortgaged property to the assignee; or, if not, might be treated as the execution of a new mortgage by E. to secure plaintiff's debt, and a valid security in plaintiff's hands against creditors.

THIS was a motion by the plaintiff for a new trial upon exceptions, ordered to be heard in the first instance at General Term.

Campbell *v.* Burch.

The plaintiff claimed title to certain chattels in defendant's possession, and demanded judgment for possession with damages for wrongful detention. The defendant averred his possession rightfully as owner. Plaintiff had given bonds and re-obtained the property.

At the trial, plaintiff proved a chattel mortgage from one Edward M. Hawkins to Catherine A. Hawkins, covering the disputed property, dated January 4, 1867, conditioned for the payment of a note of $1,000, from the mortgagor to the mortgagee, due, with interest, on the 1st day of July, 1867, and the filing of the mortgage on the day of its date in the town clerk's office of the town of Clarkson, Monroe county, where the mortgagor then resided.

Also, an assignment of the mortgage to him, by the mortgagee, bearing date November 21, 1867, which described the mortgage but made no mention of the note. Also, a renewal of the mortgage dated December 16, 1867, and re-filed by plaintiff in the same town clerk's office on the day of its date.

The consideration of the note referred to in the mortgage was proved to have been a loan of money and notes, to the full amount thereof, by the mortgagee to the mortgagor, the latter being a step-son of the former.

The circumstances under which the assignment had been made, were proved by the plaintiff's testimony as follows: " He (the mortgagor) was getting out some bolts for me during the previous summer and I let him have money occasionally, and about the close of navigation he was in my debt, and he came down to the city and wanted to get money to get out lumber through the winter, and I told him I understood he was somewhat embarrassed for money, and I couldn't advance any without security, and said I would advance him some if he would give me security; and he said he would give me a chattel mortgage; and I told him I understood his mother had a mortgage, and he said that was so; and I told him I would do it if he would give me an assignment of the mortgage; and it took about three weeks to get the assignment; and finally it came ¹own and I advanced him over $400 on the 11th December,

and advanced him money from time to time. The amount is expressed on the back of the paper. He gave me an assign-ment and a letter from his mother."

Plaintiff also testified that he had expected to be paid for his advances in stave bolts, which he had not received, and that the assignment was "a temporary assignment. When I got my stave bolts I was to re-assign it back to Mrs. Hawkins. It was security to me until I got the stave bolts."

The defendant gave no evidence, and the jury, under direction of the court, rendered a verdict in his favor, assessing the damage at $500, and plaintiff obtained a stay of proceedings, &c., &c.

*John McConvill*, for the appellant.

*E. P. Fuller* and *E. A. Raymond*, for the respondent.

Present—E. D. SMITH, JOHNSON and J. C. SMITH, JJ.

By the Court—JAMES C. SMITH, J. The counsel for the defendant argues that the nonsuit was right, on the ground that in law the incident goes with the principal, and a transfer of the incident, without the principal, is a nullity; and, therefore, the assignment of the chattel mortgage without the note, to the plaintiff, was of no effect, and the plaintiff acquired no title to the mortgaged property.

This, I conceive, is a misapplication of the rule.

The mortgage was assigned to the plaintiff, by Catherine A. Hawkins, the mortgagee and holder of the note, at the request of Edward M. Hawkins, the mortgagor and debtor, upon a new consideration moving from the plaintiff, to wit: A present loan of money by him to Edward M. Hawkins. The mort-gage was refiled by the plaintiff, and from the time of its assignment, was regarded by the parties to it as security for the loan, and not for the note.

Under these circumstances, the plaintiff has a *prima facie* title to the mortgaged property.

It was competent, of course, for the parties to the original mortgage to agree, that it should no longer continue as a security for the payment of the note. The assignment of the

mortgage by the mortgagee, at the request of the mortgagor. is evidence of such an agreement. The assignment also had the effect to transfer the interest of the mortgagor in the mortgaged property, to the assignee, or if not, it may be treated as the execution of a new mortgage, by Edward M. Hawkins (it having been made by his procurement) to secure the debt of the plaintiff; and the latter having re-filed the mortgage, it is a valid security in his hands as against creditors.

In short, the well settled doctrine, that a transfer of the incident without the principal is a nullity, does not apply to the case, for the reason, that both parties to the note and the mortgage agreed that the mortgage should be separated from the note, and should be thereafter an independent security, or rather a security for another debt.

The other questions in the case require no comment. The nonsuit should be set aside and a new trial ordered, costs to abide event.

Ordered accordingly.